UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN C.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Commissioner of Social Security,<br><br>　　　　　　　　　Defendant. | Case No.: 3:21-cv-01012-AHG<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING**<br><br>**[ECF No. 23]** |

Before the Court is the parties' Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and Costs Pursuant to 28 U.S.C. § 1920. ECF No. 23. The parties jointly move the court to award Plaintiff Darren C. ("Plaintiff") attorney fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and costs pursuant to 28 U.S.C. § 1920. *Id.*

Under the EAJA, a litigant is entitled to attorney fees and costs if: "(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005). To assess the third factor of whether the requested fees are reasonable, the Court assesses whether the hourly rates and number of hours billed are reasonable. *See, e.g.*, *Beatriz B. v. Saul*, No. 19cv785-AHG, 2020 WL 5203371, at *2–*3 (S.D. Cal. Sept. 1, 2020); *Smith v. Berryhill*, No. 17cv2108-CAB-RNB, 2019 U.S. Dist. LEXIS 89885, at *5 (S.D. Cal. Mar. 14, 2019); *Ulugalu v. Berryhill*, No. 17cv1087-GPC-JLB, 2018 WL 2012330, at *3–*4 (S.D. Cal. Apr. 30, 2018).

The parties failed to include a billing statement with their joint motion, or any information regarding the number of hours billed and at what rates. Since this information is essential to the Court's analysis of the reasonableness of the requested fees, the Court **ORDERS** the parties to submit a Joint Supplemental Brief no later than **December 22, 2022**. The Joint Supplemental Brief shall include the names, qualifications, experience, and hourly billing rates of all attorneys and paralegals who worked on this case on behalf of Plaintiff. The parties shall also attach Plaintiff's billing statement as an exhibit, which should include dates, time spent, attorney or paralegal designation, description of actions, and totals.

Additionally, the parties request that, if Plaintiff does not owe a federal debt making the fees subject to offset, any payments of EAJA fees and costs shall be paid directly to Plaintiff's counsel Karl Osterhout, "pursuant to the assignment executed by Plaintiff." ECF No. 23 at 2. This request is consistent with the governing law that a fee award may be paid

directly to a litigant's attorney "where there has been a valid assignment and the plaintiff does not owe a debt to the government." *Ulugalu*, 2018 WL 2012330, at *4–*5 (reviewing Plaintiff's assignment agreement and ordering that the EAJA fees be paid to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt). *See also Bell v. Berryhill*, No. 16cv809-MMC, 2018 WL 452110, at *5 (N.D. Cal. Jan. 17, 2018) (same); *Blackwell v. Astrue*, No. CIV-08-1454-EFB, 2011 WL 1077765, at *4–*5 (E.D. Cal. Mar. 21, 2011) (same). However, the parties here have not provided the relevant assignment agreement to the Court. Therefore, the Court will not order the payment of fees and costs to be made directly to Plaintiff's counsel unless the parties provide evidence of the assignment agreement in their supplemental briefing. *See Hernandez v. Berryhill*, No. 15cv1322-DB, 2017 WL 2930802, at *3 (E.D. Cal. July 10, 2017) (declining to order that the EAJA fees be paid to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt, because the parties failed to produce evidence of an assignment agreement). If the parties wish the Court to include an instruction that EAJA fees and costs be paid directly to Plaintiff's counsel, they are **ORDERED** to provide evidence of the assignment agreement in the Joint Supplemental Brief.

**IT IS SO ORDERED.**

Dated: December 15, 2022

Honorable Allison H. Goddard
United States Magistrate Judge