UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN JEFFREY C.,<br><br>                      Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Commissioner of Social Security,<br><br>                      Defendant. | Case No.: 3:21-cv-01012-AHG<br><br>**ORDER GRANTING JOINT MOTION FOR AWARD AND PAYMENT OF ATTORNEY FEES AND COSTS**<br><br>**[ECF No. 23]** |

Before the Court is the parties' Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and Costs Pursuant to 28 U.S.C. § 1920 (the "Joint Motion"). ECF No. 23. The Court previously ordered the parties to file supplemental briefing on the Joint Motion, which they timely did on December 19, 2022. ECF No. 25. Upon due consideration of both the initial and supplemental briefing, and for the reasons set forth below, the Court **GRANTS** the Joint Motion.

## I. BACKGROUND

The underlying action involves Plaintiff's appeal of the Social Security Administration's denial of his application for disability insurance benefits at the agency level. ECF No. 1. On September 26, 2022, the Court issued an Order on the parties' Cross-Motions for Summary Judgment, reversing the final decision of the Commissioner of Social Security and remanding the action for further proceedings. ECF No. 22.

On December 14, 2022, the parties filed the instant motion. ECF No. 23. The parties jointly request that Plaintiff receive an award of attorney fees and expenses in the amount of $9,400.00 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), and costs in the amount of $402.00 under 28 U.S.C. § 1920. *Id.* at 2. After the Court ordered supplemental briefing, the parties submitted a time sheet showing that five attorneys at the Osterhout Berger Disability Law firm completed a total of 7.2 hours of work at $217.54 per hour (the EAJA rate for 2021) and 44.3 hours of work at $231.49 (the EAJA rate for 2022), for a total of $11,796.19. ECF No. 25-1. In their supplemental briefing, the parties explain that Plaintiff's attorneys agreed to reduce their total EAJA request to $9,400.00 for legal services rendered and costs in the amount of $402.00 for the filing fee. ECF No. 25 at 3. Therefore, the parties' Joint Motion reflects the discounted amount as agreed by the parties.

## II. THRESHOLD ISSUE OF TIMELINESS

According to the EAJA, an application for fees must be filed "within thirty days of final judgment." 28 U.S.C. § 2412(d)(1)(B). A final judgment is "a judgment that is final

and not appealable . . . ." 28 U.S.C. § 2412(d)(2)(G). The Ninth Circuit has held that the EAJA's 30-day filing period does not begin to run until after the 60-day appeal period in Federal Rule of Appellate Procedure 4(a).[1] *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 612 (9th Cir. 2007).

Here, the parties filed the motion for EAJA fees on December 14, 2022, 79 days after judgment was entered on September 26, 2022 and 19 days after the 60-day appeal period ended. Accordingly, the Joint Motion is timely.

### III. DISCUSSION

Under the EAJA, a litigant is entitled to attorney fees and costs if: "(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005). *See also* 28 U.S.C. § 2412(a), (d). The Court will address these elements in turn.

#### A. Prevailing party

A plaintiff is a prevailing party if she "has 'succeeded on any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit.'" *Ulugalu v. Berryhill*, No. 17cv1087-GPC-JLB, 2018 WL 2012330, at *2 (S.D. Cal. Apr. 30, 2018) (quoting *Schaefer*, 509 U.S. at 302). Here, Plaintiff is the prevailing party because the Court granted his summary judgment motion on appeal, reversed the final decision of the Commissioner of Social Security denying his application for disability insurance benefits, and remanded the action for further proceedings at the administrative level. ECF No. 22.

\\
\\

---

[1] Federal Rule of Appellate Procedure 4(a) provides that a "notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from" if one of the parties is the United States or a United States officer sued in an official capacity. Fed. R. App. P. 4(a)(1)(B).

### B. Substantial justification

If the Commissioner were to oppose Plaintiff's request for EAJA fees, the government would the burden of proving that its position, both in the underlying administrative proceedings and in the subsequent litigation, was substantially justified under 28 U.S.C. 2412(d)(1)(A). *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Here, the parties have stipulated to the EAJA fee amount, and explain that the stipulation "constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and costs[.]" ECF No. 23 at 2. Although Defendant's stipulation does not constitute an admission of liability on its part, the compromise nature of the request is sufficient to find the second element met, given that "Defendant has stipulated to the attorney[] fees and does not argue that the prevailing party's position was substantially unjustified." *Krebs v. Berryhill*, 16cv3096-JLS-BGS, 2018 WL 3064346, at *2 (S.D. Cal. June 21, 2018); *see also Black v. Berryhill*, No. 18cv1673-JM-LL, 2019 WL 2436393, at *1 (S.D. Cal. June 11, 2019) (finding the second element met because, "in light of the joint nature of the parties' request and the court's prior order remanding this action, the government has not shown that its position was substantially justified."). Accordingly, the Court finds no basis to deny the EAJA fee request pursuant to § 2412(d)(1)(A).

### C. Reasonableness of Hours

The Court finds the 51.5 total hours billed by Plaintiff's counsel to be reasonable under 28 U.S.C. § 2412(d), although, notably, the number exceeds the typical range of 20-40 hours billed in social security appeals. *See Costa v. Comm'r of SSA*, 690 F.3d 1132, 1136 (9th Cir. 2012) (noting "[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases"); *Stearns v. Colvin*, No. 3:14-CV-05611 JRC, 2016 WL 730301, at *5 (W.D. Wash. Feb. 24, 2016) (collecting cases to establish that the typical number of hours reported for counsel in a social security case ranged from 18-40 hours). However, the *Costa* court made clear that "it is also an abuse of discretion to apply a de facto policy limiting social security claimants to twenty to forty hours of attorney time in 'routine' cases[,]" because the Court's determination of

how many hours are reasonable to spend on a specific case "will always depend on case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained." 690 F.3d at 1136.

Here, Plaintiff's case was particularly complex, with an administrative record of over 1800 pages, as well as cross-motions for summary judgment covering four separate issues on appeal. *See* ECF Nos. 7, 8, 17, 18. Significantly, Plaintiff's counsel achieved a favorable result for their client by winning a reversal of the Commissioner's denial of benefits, and, as the Supreme Court explained in the seminal case on attorney fee awards, "the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983); *see also Jawad v. Barnhart*, 370 F. Supp. 2d 1077, 1080 (S.D. Cal. 2005) (relying on this directive from *Hensley* in finding that 53 hours billed by the plaintiff's counsel in a social security appeal was "reasonable in light of the relative complexity of this social security appeal and the level of success [counsel] achieved for Plaintiff."). *Cf. Johnson v. Colvin*, No. 12CV1877-WQH-DHB, 2014 WL 3014875, at *3–4 (S.D. Cal. July 2, 2014) (finding it was reasonable for the plaintiff's counsel to spend 55 hours in a social security case, although the case did not present novel issues, because the "case was somewhat complex[,]" the administrative record was 1,034 pages, and plaintiff's counsel briefed a total of 79 pages on the cross-motions for summary judgment, the report and recommendation, and the EAJA motion).

Additionally, "courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Costa*, 690 F.3d at 1136 (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112–13 (9th Cir. 2008)). Therefore, the Court will not question counsel's judgment that the hours expended by both Plaintiffs' counsel were necessary to achieve a favorable result in this case.[2]

---

[2] The Court further notes that the stipulated fee amount requested of $9,400 represents a reduction of $2,396.19 from the total billed amount of $11,796.19. That reduction is

### D.   Reasonableness of Hourly Rate

The EAJA provides that the Court may award reasonable attorney fees "based upon prevailing market rates for the kind and quality of the services furnished," but "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). As noted, the statutory maximum EAJA rate for work performed in 2021 in the Ninth Circuit, factoring in increases in the cost of living, was $217.54, and the statutory maximum EAJA rate for the first half of 2022 was $231.49. *See* United States Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Dec. 20, 2022); *see also Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005) ("EAJA provides for an upward adjustment of the $125 rate contained in the statute, based on cost-of-living increases") (citing 28 U.S.C. § 2412(d)(2)(A)); *see, e.g.*, *Black*, 2019 WL 2436393, at *1 (considering the Ninth Circuit's hourly EAJA rate a reasonable rate). Consistent with the Ninth Circuit's hourly EAJA rates, Plaintiff's counsel billed at a rate of $217.54 per hour for work performed in 2021, and at a rate of $231.49 for work performed in 2022. ECF No. 25-1. As such, the Court finds that the hourly rate billed by counsel is reasonable.

### E.   Assignment of Rights to Counsel

The parties jointly request that "[f]ees and costs shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees and costs to be made directly to

---

equivalent to 10.35 hours billed at the 2022 EAJA rate of $231.49. Therefore, the request before the Court is comparable to a request for reimbursement of approximately 41 total hours of attorney work, which is closer to the standard range of hours billed by plaintiffs' counsel in social security appeals in any event.

[Plaintiff's counsel Karl Osterhout], pursuant to the assignment executed by Plaintiff." ECF No. 23 at 2; *see also* ECF No. 25-2 (agreement signed by Plaintiff stating "I hereby assign my rights in any fees payable to me under the EAJA to my attorneys at [Osterhout Berger Disability Law, LLC]").

The Supreme Court has held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010). Nonetheless, "district courts have recognized that *Ratliff* does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government." *Ulugalu*, 2018 WL 2012330, at *4–5 (reviewing Plaintiff's assignment agreement and ordering that the EAJA fees be paid to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt); *Bell v. Berryhill*, No. 16cv809-MMC, 2018 WL 452110, at *5 (N.D. Cal. Jan. 17, 2018) (same); *Blackwell v. Astrue*, No. CIV-08-1454-EFB, 2011 WL 1077765, at *4–5 (E.D. Cal. Mar. 21, 2011) (same); *see also Calderon v. Astrue*, No. 08cv1015-GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 21, 2010) ("Plaintiff, as the prevailing litigant, would normally be awarded the fees described above, subject to any offset for applicable government debts. Defendant, however, seems to be content to permit payment to Plaintiff's counsel if Plaintiff does not have any qualifying government debt . . . . This Court finds the government's position to be reasonable and will therefore permit payment to Plaintiff's counsel provided Plaintiff has no government debt that requires offset").

Here, Plaintiff assigned his right to EAJA fees to his attorneys at the law firm of Osterhout Berger Disability Law, LLC. ECF No. 25-2. Accordingly, if Plaintiff has no federal debt that is subject to offset, the award of fees and costs may be paid directly to attorney Karl Osterhout pursuant to the assignment agreement and in accordance with the parties' Joint Motion.

\\
\\

## IV. CONCLUSION

Based on the foregoing, the Court hereby **ORDERS** that:

1. The parties' Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act (ECF No. 23) is **GRANTED**;

2. Plaintiff is awarded attorney fees under the EAJA in the amount of $9,400.00 and costs under 28 U.S.C. § 1920 in the amount of $402.00; and

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010), any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government shall accept Plaintiff's assignment of EAJA fees and pay fees directly to Karl Osterhout at the law firm of Osterhout Disability Law, LLC.

**IT IS SO ORDERED.**

Dated: December 20, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge